IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br>       Plaintiff, <br><br> v. <br><br> JOHN F. KERRY, <br> in his official capacity as <br> U.S. Secretary of State <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> United States Department of State <br> 2201 C Street, N.W. <br> Washington, DC 20520, <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Secretary of State John F. Kerry to compel compliance with the Federal Records Act, 44 U.S.C. §§ 2101 *et seq.*, §§ 3010 *et seq.*, and §§ 3301 *et seq.* ("FRA") and the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* ("APA"). This action challenges the failure of Defendant Kerry to take any action to recover emails of former Secretary of State Hillary Clinton and other U.S. Department of State ("State Department") employees unlawfully removed from the agency. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies, including the State Department, pursuant to the Freedom of Information Act ("FOIA"), analyzes the responses, and disseminates its findings and the requested records to the American public.  During Secretary Clinton's tenure, Plaintiff submitted more than one hundred FOIA requests to the State Department.  Currently, Plaintiff has at least 20 FOIA requests pending at the State Department for records which likely include emails of former Secretary Clinton and other State Department employees.  Plaintiff is currently litigating at least nine lawsuits before this Court seeking compliance by the State Department with Plaintiff's FOIA requests.  *See, e.g., Judicial Watch, Inc. v. Dep't of State*, No. 12-2034 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 13-722 (D.D.C.); *Judicial Watch, Inc. v. Dep't of Defense, et al.*, No. 14-812 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 14-1242 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 14-1511 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 15-321 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 15-684 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 15-687 (D.D.C.); *Judicial Watch, Inc. v. Dep't of State*, No. 15-692 (D.D.C.).

4.  Defendant John F. Kerry is U.S. Secretary of State and has his principal place of business at the U.S. Department of State, 2201 C Street N.W., Washington, DC 20520.  Defendant Kerry is being sued in his official capacity.

**STATEMENT OF FACTS**

5.   On or about March 2, 2015, the *New York Times* reported that Secretary Clinton used at least one non-"state.gov" email account to conduct official government business while serving as U.S. Secretary of State.  *See* Michael S. Schmidt, *Hillary Clinton Used Personal Email Account at State Dept., Possibly Breaking Rules*, The New York Times, Mar. 2, 2015, available at http://www.nytimes.com/2015/03/03/us/politics/hillary-clintons-use-of-private-email-at-state-department-raises-flags.html.  It also reported that Secretary Clinton stored these emails on a server at her home in Chappaqua, New York.

6.   According to this and other reports, sometime in 2014, Secretary Clinton unilaterally determined which of her emails were official government records and, in December 2014, returned at least a portion of these public records – as many as 55,000 pages of records – to the State Department.  Other high level State Department officials also reportedly used non-"state.gov" email accounts to conduct official government business.  *See* Amy Chozick and Steve Eder, *Membership in Clinton's Email Domain Is Remembered as a Mark of Status*, The New York Times, Mar. 4, 2015, available at http://www.nytimes.com/2015/03/05/us/politics/-membership-in-clintons-email-domain-is-remembered-as-a-mark-of-status.html.  According to this and other media reports, Secretary Clinton sent and received emails to and from the personal email accounts of State Department employees, including chief of staff Cheryl Mills, adviser Philippe Reines, personal aide Huma Abedin, and adviser Jake Sullivan.  Collectively, these emails shall be referred to as the "Clinton emails."

7.   The Clinton emails are agency records subject to the FRA and the State Department's failure to retain, manage, and search these agency records has compromised the

State Department's retention of records that concern or relate to Secretary Clinton and other high level State Department officials who used non-"state.gov" email addresses.

8. Upon information and belief, the Clinton emails were not copied to or otherwise placed on official email accounts of the State Department.

9. Upon information and belief, no copies of the Clinton emails, other than those already returned by Secretary Clinton, are in the physical custody of the State Department.

## STATUTORY BACKGROUND

10. The FRA is a collection of statutes governing the creation, management, and disposal of records by federal agencies. 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, and 3301-14.

11. These statutes "establish a unified system for handling the 'life cycle' of federal records – covering their creation, maintenance and use, and eventually their disposal by either destruction or deposit for preservation." *American Friends Serv. Comm. v. Webster*, 720 F.2d 29, 36 (D.C. Cir. 1983).

12. The FRA "reflects a congressional intent to ensure that agencies adequately document their policies and decisions, and that their records management programs strike a balance 'between developing efficient and effective records management, and the substantive need for Federal records.'" *Armstrong v. Bush*, 924 F.2d 282, 292 (D.C. Cir. 1991) (quoting S. Rep. No. 94-1326, 94th Cong., 2d Sess. 2 (1976), reprinted in 1976 U.S. Code Cong. & Admin. News 6150, 6150-51). *See also* 44 U.S.C. § 2902 (enumerating the seven "goals" of the FRA).

13. Under the FRA, records refers to any "recorded information" "made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization,

functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value in them." 44 U.S.C. § 3301(a)(1)(A).

14. Under the FRA, agency heads are required to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency[.]" 44 U.S.C. § 3101.

15. Agencies may only dispose of records on terms approved by the Archivist of the United States, who is head of the National Archives and Records Administration ("NARA"). 44 U.S.C. § 3303; 36 C.F.R. § 1225.10. This process is the exclusive procedure by which all federal records may be disposed of or destroyed. 44 U.S.C. § 3314.

16. The FRA imposes a direct responsibility on an agency head to take steps to recover any records unlawfully removed. Specifically, if an agency head learns of "any actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of the agency," he or she must notify the Archivist. 44 U.S.C. § 3106. If the agency head "knows or has reason to believe [that records] have been unlawfully removed from [his or her] agency," then the agency head "with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of records [.]" *Id*. If the agency head "does not initiate an action for such recovery or other redress within a reasonable period of time," then the Archivist "shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made." *Id*.

17. On April 30, 2015, Plaintiff sent a letter to Defendant Kerry notifying him of the unlawful removal of the Clinton emails and requesting that he initiate an enforcement action pursuant to the FRA.

18. Upon information and belief, despite knowledge of the removal of the Clinton emails, Defendant Kerry has failed to notify the Archivist concerning the unlawful removal of the Clinton emails or request that the attorney general initiate an enforcement action to recover the Clinton emails.

19. In light of Defendant Kerry's failure to take an action to recover the Clinton emails, Plaintiff as a private litigant is entitled to bring an action to compel compliance with the law. *Armstrong v. Bush*, 924 F.2d at 296 ("[I]f the agency head or Archivist does nothing while an agency official destroys or removes records in contravention of agency guidelines and directives, private litigants may bring suit to require the agency head and Archivist to fulfill their statutory duty to notify Congress and ask the Attorney General to initiate legal action.").

## COUNT 1

**(Administrative Procedure Act, 5 U.S.C. § 701,** *et seq.*  
**for declaratory and injunctive relief)**

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Under the FRA, the head of a federal agency must notify the Archivist of any removal of records from the agency of which he is the head that shall come to the agency's head attention and, with the assistance of the Archivist, must initiate action through the attorney general for the recovery of those records. 44 U.S.C. § 3106.

22. The Clinton emails are records subject to the FRA.

23. The Clinton emails have been removed from the State Department.

24. Defendant Kerry has actual and constructive knowledge of the removal of the Clinton emails from the State Department.

25. Defendant Kerry has violated his duty under 44 U.S.C. § 3106 by failing

to notify the Archivist concerning the unlawful removal of the Clinton emails and by failing to initiate action through the attorney general to recover the Clinton emails.

26. Defendant Kerry's failure to notify the Archivist concerning the unlawful removal of the Clinton emails and failure to initiate action through the attorney general to recover the Clinton emails constitutes a final agency action for which there is no other adequate remedy in a court of law.

27. Defendant Kerry's failure to notify the Archivist concerning the unlawful removal of the Clinton emails and failure to initiate action through the attorney general to recover the Clinton emails was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the FRA.

28. Plaintiff is being irreparably harmed by reason of Defendant Kerry's failure to take any action to recover the Clinton emails, as Plaintiff, with numerous pending FOIA requests to the State Department, is being prevented from accessing responsive Clinton emails.

29. Plaintiff will continue to be irreparably harmed unless and until Defendant Kerry notifies the Archivist concerning the unlawful removal of the Clinton emails and initiates action through the attorney general to recover the Clinton emails and otherwise conform his conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare the Clinton emails to be records subject to the FRA; (2) declare Defendant Kerry's failure to take any action to recover the Clinton emails as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the FRA; (3) order Defendant Kerry to take action to recover the Clinton emails in accordance with the FRA; (4) grant Plaintiff an award of attorneys' fees and other litigation

costs reasonably incurred in this action; and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 28, 2015                                        Respectfully submitted,

/s/  James F. Peterson
James F. Peterson (D.C. Bar No. 450171)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*