# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 17-5275**                              **September Term, 2018**

FILED ON: DECEMBER 4, 2018

JUDICIAL WATCH, INC.,
          APPELLANT

v.

MICHAEL R. POMPEO, IN HIS OFFICIAL CAPACITY AS U.S. SECRETARY OF STATE,
          APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00785)

———

Before: TATEL, *Circuit Judge*, and EDWARDS and GINSBURG, *Senior Circuit Judges*.

### J U D G M E N T

This cause was considered on the briefs and appendix filed by the parties and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

This case concerns the work-related emails that Hillary Clinton ("Clinton") sent from private email accounts, servers, and devices during her tenure as Secretary of State. Under the Federal Records Act, federal agencies are required to protect against the removal or loss of records. 44 U.S.C. § 3105. When documents have been unlawfully removed or destroyed, agency heads "shall initiate action through the Attorney General" to recover the records. *Id.* § 3106(a). Appellant Judicial Watch, Inc. ("Judicial Watch") brought the present suit to compel the Secretary of State to initiate such an enforcement action to recover Clinton's emails.

The District Court initially dismissed the case as moot, but this court reversed because the record suggested that many of Clinton's emails might not have been recovered. *See Judicial Watch, Inc. v. Kerry* ("*Judicial Watch II*"), 844 F.3d 952, 955–56 (D.C. Cir. 2016), *rev'g* 156 F. Supp. 3d 69 (D.D.C. 2016). On remand, the Government presented new evidence of additional investigative efforts to recover Clinton's outstanding emails. Notably, in addition to the State Department's efforts, the Federal Bureau of Investigation ("FBI") had sought all of Clinton's work-related emails as part of its investigation into whether Clinton had unlawfully handled classified information. At

1

the conclusion of its investigation, the FBI determined that "there were no further steps that could have been reasonably undertaken by the FBI that would have recovered additional Clinton work-related e-mails." Suppl. Priestap Decl. ¶ 12, *reprinted at* Joint Appendix ("J.A.") 148; *see also* First Priestap Decl. ¶ 14, *reprinted at* J.A. 42. The FBI turned over all recovered records to the State Department. The District Court again dismissed the case as moot, finding that the State Department had secured custody of all the emails the Attorney General could have recovered in an enforcement action. *Judicial Watch, Inc. v. Tillerson* ("*Judicial Watch III*"), 293 F. Supp. 3d 33, 47 (D.D.C. 2017). Judicial Watch appealed.

The court of appeals reviews *de novo* a decision granting a motion to dismiss for lack of jurisdiction. *Am. Civil Liberties Union v. C.I.A.*, 823 F.3d 655, 661 (D.C. Cir. 2016). We hereby affirm the District Court's decision to dismiss for want of jurisdiction on the grounds of mootness.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live . . . ." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). In *Judicial Watch II* we held the case was not moot for want of a "showing that the requested enforcement action could not shake loose a few more emails," but we were also clear that the Secretary of State was never required to engage in a "pointless" action. 844 F.3d at 955–56. As explained below, the FBI's thorough investigation has since mooted the controversy because it has made the requested referral "pointless."

The District Court found that

the Attorney General's investigative arm joins Defendants' conclusion that there are no remaining emails for State to recover. The FBI so concluded as part of an investigation related to national security, in which it had every incentive to "shake the tree" with all its might. It strains credulity that the Attorney General would implement a more exhaustive search in response to a federal-records request.

*Judicial Watch III*, 293 F. Supp. 3d at 42. We agree.

Judicial Watch contends that the Attorney General could still recover additional emails from specific third-party sources and insists that the Government has not done enough to retrieve emails directly from persons outside the State Department with whom Clinton frequently corresponded. These arguments are both fanciful and unpersuasive.

While it is plausible, albeit barely, that some third parties *might* retain relevant records nearly a decade after the conversations, and that the FBI *might* convince such parties to turn them over voluntarily, the Attorney General has no way to know who those third parties might be. The FBI understandably deemed this path too far afield to pursue, and the Court once again concludes that it is implausible that the Attorney General would buck its own investigative arm to demand otherwise. The Court of Appeals may have asked the Government to "shak[e] the tree harder" for more emails, but it never suggested that the FBI must shake every tree in every forest, without knowing whether they are fruit trees.

*Judicial Watch III*, 293 F. Supp. 3d at 46–47 (emphasis in original) (quoting *Judicial Watch II*, 844 F.3d at 955).

3

On the record before us, we conclude that the case is moot. When action is taken that effectively extinguishes the case or controversy before the court, the case must be dismissed as moot. *See Act Now to Stop War & End Racism Coal. v. District of Columbia*, 846 F.3d 391, 400 (D.C. Cir. 2017) ("[E]ven where litigation poses a live controversy when filed, we must dismiss a case as moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.") (internal quotation marks omitted). The District Court found that the Government has already taken every reasonable action to retrieve any remaining emails. It is clear that a referral to the Attorney General would be "pointless" because, given the investigative efforts by the State Department and the FBI, "no imaginable enforcement action . . . could lead to recovery of the missing emails." *Judicial Watch II*, 844 F.3d at 956. The findings of the District Court "make it 'absolutely clear' this case is moot." *Already*, 568 U.S. at 102.

Pursuant to Rule 36 of this Court, this disposition will not be published. *See* D.C. CIR. R. 36(e). The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Ken Meadows
Deputy Clerk

3